MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Defendants. | No.   CV 23-00057-TUC-JGZ<br><br>**ORDER** |

On January 31, 2023, Plaintiff Alfred E. Caraffa, who is confined in the Arizona State Prison Complex-Tucson and is representing herself,[1] filed a civil rights Complaint. In a February 14, 2023 Order, the Court dismissed the Complaint and this action pursuant to 28 U.S.C. § 1915(g) because at least three of Plaintiff's prior actions had been dismissed for failing to state a claim upon which relief may be granted and Plaintiff's allegations in her Complaint did not plausibly suggest she was in imminent danger of serious physical injury. The Clerk of Court entered Judgment the same day.

Plaintiff subsequently filed:

　　　(1)　a July 10 Notice of Appeal;

　　　(2)　a July 10 "Motion for - Judgment as a Matter of Law in a Jury Trial" (Doc. 6);

　　　(3)　a July 10 "Motion of: Enforcing a Judgment for Specific Act" (Doc. 7);

---

[1] In prior actions, Plaintiff used feminine pronouns to refer to herself. The Court will do the same.

(4) a July 28 "Motion of: Constitutional Error of the Federal Court District of Arizona and Default Judgment under Fed. R. Civ. P. 55(d)" (Doc. 9);

(5) an August 4 "Motion of: Fact(s) and Evidence which will Satisfy the Court(s) for a Claim under Fed. R. Civ. Pro. Rule 55(d)" (Doc. 10);

(6) an August 4 "Motion of: Conti[n]uing Act(s) of Disobeying a Federal Court Writ or Order" (Doc. 11);

(7) a September 11 "Motion of: Constitutional Error of the Federal Court District of Arizona and Default Judgment under Fed. R. Civ. P. 55(d)" (Doc. 12);

(8) a September 11 "Default Judgment under Federal Rule of Civil Procedure Rule 55(d)" (Doc. 13);

(9) a September 11 "Default Judgment Fed. R. Civ. Proc. Rule 55(d)" (Doc. 14);

(10) a September 11 "Motion Title: Notice of Stolen Federal Court Documents in this Case by Defendant(s)" (Doc. 15);

(11) a September 11 "Motion of Constitutional Error of this Court and Unnecessary Delay" (Doc. 16); and

(12) a September 11 "Motion of Default Judgment Fed. R. Civ. Proc. Rule 55(d)" (Doc. 17).

This case is **closed**. Thus, the Court will deny the pending Motions. In addition, to the extent Plaintiff's Motions conceivably could be construed as seeking reconsideration of the February 14, 2023 Order and Judgment, the Court, in its discretion, will deny them because the Court has reviewed the February 14 Order and Judgment, Plaintiff's Complaint, and the post-judgment motions, and finds no basis to reconsider its decision.[2]

---

[2] To the extent Plaintiff's Motions can be construed as seeking reconsideration of the February 14 Order and Judgment, the Court will consider them as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991) (motion to reconsider can be construed as Rule 60 or Rule 59 motion even when movant brought it under local rules and cited no governing Federal Rule of Civil Procedure). However, a request for relief under Rule 59(e) is untimely because Plaintiff's Motions were filed significantly more than twenty-eight days after entry of the February 14, 2023 Order and Judgment. *See* Fed. R. Civ. P. 59(e).

As to a request under Rule 60(b), that rule "'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary

Finally, the Court notes that Plaintiff appears to believe the Court in *Jensen v. Thornell*, CV-12-00601-PHX-ROS (D. Ariz.), a class action lawsuit, erred when it ordered that two civil rights complaints Plaintiff had filed in that action, including the Complaint in this action, "must be opened as two separate civil actions." *See* Doc. 4389 in CV-12-00601; *see also* Doc. 4362 in CV-12-00601 ("Notice to the class must further explain that if any prisoner believes they are not receiving appropriate medical care, that prisoner should not file a motion in the class action. Instead, the prisoner may only seek relief by filing an individual action."). This ruling was issued in another action and the Court has no basis to review it.

**IT IS ORDERED:**

(1)   Plaintiff's pending Motions (Docs. 6, 7, and 9-17) are **denied**.

(2)   This case must remain **closed**.

(3)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Order and because there is no arguable factual or legal basis for an appeal.

. . . .

. . . .

. . . .

. . . .

. . . .

---

circumstances' which would justify relief.'" *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). It is within the Court's discretion to grant or deny such a motion. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

(4)   The Clerk of Court must forward of a copy of this Order to the Ninth Circuit Court of Appeals and must indicate that this Order relates to the Ninth Circuit Court of Appeals' docket number 23-1455.

Dated this 13th day of October, 2023.

_____
Jennifer G. Zipps
United States District Judge